# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XGV, a minor, by and through her Guardian Ad Litem MARIA VALENCIA & MARIA VALENCIA,<br><br>Plaintiffs,<br><br>v.<br><br>JAY P. RATILAL, M.D.; GOLDEN VALLEY HEALTH CENTER; U.S. DEPT. OF HEALTH & HUMAN SERVICES; UNITED STATES OF AMERICA; and DOES 1-45,<br><br>Defendants. | Case No.: 1:23-cv-00402-JLT-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>(Doc. 13) |

Currently before the Court is a motion for appointment of Plaintiff Maria Valencia as guardian ad litem for Plaintiff XGV, a minor. (Doc. 13.) Defendant United States of America filed a statement of non-opposition on May 31, 2023.[1] (Doc. 14.) Plaintiff Maria Valencia submitted a signed consent form to be appointed as guardian ad litem on June 2, 2023. (Doc. 17.)

The Court finds the motion appropriate for resolution without oral argument. L.R. 230(g). The hearing on the motion currently set for July 14, 2023, is HEREBY VACATED, and the motion is submitted upon the record.

---

[1] Plaintiffs XGV and Maria Valencia previously filed a Notice of Voluntary Dismissal of Defendants Jay P. Ratilal, M.D., Golden Valley Health Center, and the U.S. Department of Health and Human Services. (Doc. 5.)

1

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  Local Rule 202(a) of this Court further states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. Cnty. of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the motion of Maria Valencia for appointment as guardian ad litem for XGV, and finds no apparent conflict that would preclude Maria Valencia from serving as guardian ad litem.  The filings indicate that Maria Valencia is the mother of minor XGV (born in 2020), she consents to being guardian ad litem for purposes of this action, with a Spanish interpreter she is fully competent and qualified to understand and protect the rights of XGV, and she has no interests adverse to XGV.  (*See* Doc. 17.)

Accordingly, IT IS HEREBY ORDERED that Plaintiff Maria Valencia is appointed in this action as guardian ad litem for minor XGV.

IT IS SO ORDERED.

Dated: **June 5, 2023**         /s/ Barbara A. McAuliffe
                            UNITED STATES MAGISTRATE JUDGE